UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4co30215-KPN

BRIAN JONES,
    Plaintiff,

v.

THE URBAN LEAGUE OF
SPRINGFIELD, INC. and
CAMP ATWATER,
    Defendants.

COMPLAINT
and
DEMAND FOR JURY

## INTRODUCTION

1. Plaintiff Brian Jones ("Mr. Jones") brings this action for equitable relief and compensatory and punitive damages against Defendant Urban League of Springfield, Inc. ("Urban League") under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination, M.G.L. c. 151B.

2. During the course of his employment at the Urban League's Camp Atwater, Mr. Jones, then a seventeen (17) year old man, was subjected to persistent and continuous acts of sexual harassment against him by his adult male supervisor. Despite Mr. Jones' complaints to the camp director and Urban League management, that harassment went unremediated.

3. Mr. Jones seeks compensation for the grave harm he has suffered and continues to suffer as a result of the actions and omissions of the defendant, and seeks equitable and injunctive relief.

## PARTIES

4. Plaintiff Mr. Jones is a man and a citizen of the United States who resides in Springfield, Massachusetts.

5. Defendant Urban League is a non profit domestic corporation with a principal place of business at 756 State Street, Springfield, Massachusetts.

6. Defendant Camp Atwater is a subsidiary of and is owned and operated by the Urban League.

7. The Urban League and Camp Atwater are "persons" within the meaning of M.G.L. c. 151B, § 1.

8. The Urban League and Camp Atwater each employ 6 or more employees, and is an "employer" within the meaning of M.G.L. c. 151B, § 1.

9. The Urban League and Camp Atwater are "persons" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a).

10. The Urban League and Camp Atwater are engaged in an industry affecting commerce and each employ 15 or more employees, and are "employers" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

11. This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 2000e-5(g), as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

12. All conditions precedent under M.G.L. ch. 151B have occurred or been complied with:

    a. A charge alleging discrimination by the defendant on the basis of sexual harassment was filed with the Massachusetts Commission Against Discrimination ("MCAD") within 300 days of the discriminatory actions alleged in the Charge.

    b. This complaint has been filed within three years of the last discriminatory act alleged in Mr. Jones' MCAD charge.

13. All conditions precedent under Title VII have occurred or been complied with:

    a. Charges alleging discrimination by the defendants were filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory actions alleged in the charges.

    b. Mr. Jones received a Notification of Rights regarding his EEOC charges.

    c. This complaint has been filed within 90 days of Mr. Jones' receipt of the Notifications of Rights.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) (3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampden in the Commonwealth of Massachusetts, the plaintiff resides in the County of Hampden in the Commonwealth of Massachusetts, the defendant conducts business and has substantial business contacts in the Commonwealth of Massachusetts.

## STATEMENT OF FACTS

15. On or around June 22, 2003, Mr. Jones began working as a as part of the summer kitchen staff of Camp Atwater.

16. At all times relevant to this complaint, Mr. Jones lived on the premises of Camp Atwater.

17. Throughout his brief employment, he was constantly subjected to ongoing sexual and other debasing harassment by his supervisor, Leonard Lawlor, the chef and head of the kitchen staff.

18. His supervisor's many comments were made to him in front of and directly to his co-workers who were other teenage boys.

19. On an ongoing basis, Mr. Lawlor made offensive and vulgar comments about sexually desiring the young counselors and campers and about his own sexual activity.

20. Mr. Jones reported his supervisor's offensive sexual behavior to the camp director, Ms. Devonia Thomas.

21. On one occasion when Mr. Jones complained about Mr. Lawlor's ongoing sexually harassing behavior, Ms. Thomas acknowledged that in the four years that she had received ongoing complaints of inappropriate and sexualized behavior made against Mr. Lawlor.

22. After Mr. Jones complained about Mr. Lawlor to Ms. Thomas, Mr. Lawlor's actions went unremediated.

23. Thereafter, Mr. Jones' mother called Ms. Thomas and other Urban League management and complained about the harassment.

24. Rather than addressing the grave problem, the problem continued unaddressed and my supervisor continued his campaign of harassment.

25. One night, at 11 p.m., Mr. Lawlor forced his way into Mr. Jones' bedroom and yelled at him, threatened him and acted in an extremely forceful and harassing and intimidating manner.

26. Mr. Jones felt he had no choice but to leave his employment that night and was forced to leave the camp for home in the middle of the night.

27. None of Mr. Jones' complaints of harassment were investigated or addressed by Urban League or Camp Atwater management.

28. The discriminatory treatment which Mr. Jones experienced has had a progressively negative impact upon him. This discriminatory treatment and unreasonably hostile environment interfered with and adversely impacted the terms and conditions of Mr. Jones employment, gave him no choice but to leave his employment and has caused him stress, humiliation and emotional distress.

### FIRST CLAIM FOR RELIEF: DISCRIMINATION BASED ON SEX IN VIOLATION OF M.G.L. c. 151B, §§ 4(1) and (16A)

29. Plaintiff repeats the allegations set forth in paragraphs 1 through 28 above, and incorporates those allegations as if fully set forth herein.

30. The actions and omissions of the defendants constituted and created an unreasonably hostile work environment and unlawful discrimination, including discriminatory termination, constructive or otherwise against Mr. Jones based on sex in violation of M.G.L. c. 151B, §§ 4(1) and (16A).

31. The discriminatory actions and omissions of the defendants caused Mr. Jones to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## SECOND CLAIM FOR RELIEF: DISCRIMINATION BASED ON SEX IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1)

32. Plaintiff repeats the allegations set forth in paragraphs 1 through 31 above, and incorporates those allegations as if fully set forth herein.

33. The actions and omissions of the defendants constitute and create an unreasonably hostile work environment and unlawful discrimination, including discriminatory termination, constructive or otherwise against Mr. Jones based on sex in violation of Title VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a)(1)

34. The discriminatory actions and omissions of the defendants caused Mr. Jones to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## PRAYER FOR RELIEF

Plaintiff Mr. Jones prays the Court to grant him the following relief:

1. That the plaintiff be awarded appropriate injunctive relief designed to ensure that the defendants discontinue their discriminatory and harassing practices.

2. That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus statutory interest on any such award.

3. That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4. That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5. That the plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff Brian Jones demands trial by jury on all triable issues.

Respectfully submitted,

PLAINTIFF BRIAN JONES
By his attorney,

Dated: November 4, 2004

Suzanne Garrow BBO# 636548
sgarrow@comcast.net
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
Ph. (413) 788-7988
Fax (413) 788-7996