UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN JONES,<br>        Plaintiff,<br><br>v.<br><br>THE URBAN LEAGUE OF<br>SPRINGFIELD, INC. and<br>CAMP ATWATER,<br>        Defendants. | DOCKET NO.  04-cv-30215-KPN |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH DEPOSITION NOTICE
AND FOR A PROTECTIVE ORDER**

**I.    INTRODUCTION**

This is an action for equitable relief and compensatory and punitive damages brought by Plaintiff Brian Jones under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination for sexual harassment against him, a seventeen year old boy, by his adult supervisor.

During the course of his employment in the kitchen of the Urban League of Springfield's summer camp, Camp Atwater, Mr. Jones was subjected to severe and, despite his brief employment, pervasive sexual harassment by his supervisor, the head chef. Mr. Lallor, and was subjected to threatening, offensive and demeaning treatment and sexual comments by him. Mr. Jones and his grandmother's efforts to complain to Devonia Thomas, the camp's director, about hostile and harassing treatment and comments were ignored, trivialized, dismissed. The culmination of this sexual harassment occurred when  Mr. Jones

1

was subject to a physical assault and touching by Mr. Lallor.  As a result, Mr. Jones reasonably believed that this harassing treatment would not cease and was constructively discharged from his employment in response to his unabated complaints about sexual harassment and a hostile work environment.

The defendants have served a Notice of Taking Deposition on the Keeper of Records, Roger L. Putnam Vocational Technical High School ("Notice"), the plaintiff's high school from which he had already graduated at the time he worked for the defendants.[1]  Plaintiff has filed a motion for a protective order pursuant to Fed.R.Civ.P. 26(c) in which he seeks an order quashing the Notice.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

The plaintiff was seventeen and had just graduated high school at the time he began summer employment in the Camp Atwater kitchen.  The Defendants served a Notice of Deposition on the Keeper of Records, Roger L. Putnam Vocational Technical High School, pursuant to Fed. R. Civ. P. 45(b)(6) in which they seek documents "including but not limited to all records containing any of the following information: (1) Dates of school attendance, (2) Educational courses taken, (3) Grades awarded, (4) Disciplinary actions taken, and (5) Record of graduation."  That deposition is set to take place on November 1, 2005.

The parties have conferred and the defendants have been unwilling to narrow or retract this Notice.

2

### III.    LEGAL ARGUMENT

An order of the court barring the discovery sought by the defendants is required to protect the plaintiff from unreasonable annoyance, embarrassment and oppression. There is no conceivable justification for seeking the information and documents that comprise Mr. Jones' high school records. This is a case about sexual harassment by Mr. Jones' adult supervisor against him. It also a case about the resulting constructive termination of Mr. Jones by his employers due to their inaction in the face of sexual harassment complaints.

The only possible remotely probative information is that which might tend to show that Mr. Jones might have not been completely truthful on his job application with defendants. However, a review of the application submitted to the defendants contains only two references to his high school years at all. (See Exhibit A.) One representation by him on his application is the he received a high school diploma and the other that he may have taken a cooking class. If the defendant wanted to test these assertions they could have propounded written discovery about these specific representations or asked him to produce his diploma. The defendant did not propound any paper discovery and is out of time to do so. Their failure to use conventional discovery methods to gather information that arguably may be reasonably calculated to lead to admissible evidence and instead to seek all information "**including but not limited to all records** containing **any** of the following information: (1) Dates of school

---

[1] It does not appear from the documents received by the plaintiff's counsel that the defendant has served a subpoena. If that is the case, and the incorrect procedure was followed, a protective

3

attendance, (2) Educational courses taken, (3) Grades awarded, (4) Disciplinary actions taken, and (5) Record of graduation" demonstrates that the defendants do not want to simply discover relevant information. Rather they wish to engage in an overly broad and intrusive fishing expedition in an attempt to uncover potentially prejudicial information of virtually no probative value. This privacy invasion should not be countenanced by the Court.

Even if the Court were to determine that information sought by the Defendants in this case falls within the general parameters established under Fed. R. Civ. P. 26(b), the Court must still consider the propriety of a protective order under Rules 26(c) and 30(d). Rule 26 allows the Court to:

> "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: " (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; … (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters ..."

This general rule is buttressed by Rule 30 (d) which permits the Court to "limit the scope and manner of the taking of the deposition as provided in Rule 26 (c)" if it is found that the deposition is "being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party."

As noted by the court in the case of <u>Carlson Companies, Inc. v. Sperry & Hutchinson Co.</u>, 374 F.Supp. 1080 (D.C.Minn. 1974):

> [When discovery requests] approach the outer bounds of relevance and the information requested may only marginally enhance the objectives of providing tot he parties or narrowing the issues, the Court must then weigh that request with the hardship to the party from whom the discovery is sought.

---

order should issue on that basis.

4

374 F.Supp. at 1088.  In the present case, the Defendants seek an order allowing them to rummage through Mr. Jones' confidential and private high school records in the hopes that such a search will uncover kernels of evidence of dubious relevance or probative value. There are strong public policy reasons why this Court should decline to permit such a fishing expedition at the expense of Mr. Jones' privacy interests.

If individuals with claims of employment discrimination opened themselves up to broad-ranging discovery probes into every aspect of their lives merely by filing complaints under Title VII and other anti-discrimination statutes, the ability of such individuals to exercise their rights under such laws against discrimination would be seriously chilled.  As found by the Court in <u>Priest v. Rotary</u>, 98 F.D.R. 755, 761 (N.D.Cal. 1983), the possibility that discovery tactics aimed at obtaining disclosure of intimate aspects of plaintiff's lives "might intimidate, inhibit or discourage Title VII plaintiffs … from pursuing their claims would clearly contravene the remedial effect intended by Congress in enacting Title VII, and should not be tolerated by the federal courts."

> In fact, it was to empower federal courts to prevent such unjust effects that Rule 26(c) of the Federal Rules of Civil Procedure was enacted.  Sexual harassment plaintiffs would appear to require particular protection from this sort of intimidation and discouragement if the statutory cause of action for such claims is to have meaning.  Without such protection from the courts, employees whose intimate lives are unjustifiably and offensively intruded upon in the workplace might face the "Catch-22" of invoking their statutory remedy only at the risk of enduring further intrusions into irrelevant details of their personal lives in discovery, and, presumably, in open court.

98 F.R.D. at 761.  For the same reasons, set forth in <u>Priest</u>, this Court should not countenance the Defendants' current attempt to probe into the intimate details of the Mr. Jones' life as a high school student prior to being driven from her employment with the Defendants.

## IV.    CONCLUSION

For all the reasons set forth above, the Court should grant the Plaintiff's motion for a protective order pursuant to Fed.R.Civ.P. 26(c) in which he seeks an order quashing the Notice of Taking Deposition on the Keeper of Records, Roger L. Putnam Vocational Technical High School.

                          Respectfully submitted,

                          PLAINTIFF
                          By his Attorney,

Dated:  October 21, 2005

                          <u>    /s/ Suzanne Garrow         </u>
                          Suzanne Garrow
                          BBO # 636548
                          Heisler, Feldman & McCormick, P.C.
                          1145 Main Street, Suite 508
                          Springfield, MA 01103
                          (413) 788-7988

### CERTIFICATE OF SERVICE

I, Suzanne Garrow, hereby certify that true copies of the foregoing Memorandum of Law were served upon the attorney of record for the defendants by electronic mail on October 21, 2005.

                          <u>   /s/ Suzanne Garrow      </u>
                          Suzanne Garrow