UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN JONES,
        Plaintiff,

v.

THE URBAN LEAGUE OF
SPRINGFIELD, INC. and
CAMP ATWATER,
        Defendants.

DOCKET NO. 04-cv-30215-KPN

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL**

**I.  INTRODUCTION**

This is an action for equitable relief and compensatory and punitive damages brought by Plaintiff Brian Jones under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination for sexual harassment against him, a seventeen year old boy, by his adult male supervisor. Pursuant to Fed. R. Civ. P. Rule 37 (a), the plaintiff requests that the Court order the defendants to produce adequate responses to Interrogatories and Requests for the Production of Documents. The grounds therefore are set forth below.

**II.  PROCEDURAL AND FACTUAL BACKGROUND**

During the course of his employment in the kitchen of the Urban League of Springfield's summer camp, Camp Atwater, Mr. Jones was subjected to severe and, despite his brief employment, pervasive sexual harassment by his supervisor, the head chef. Mr. Lollar, and was subjected to threatening, offensive and demeaning treatment and sexual comments by him. Despite Mr. Jones' and

1

his grandmother's efforts to complain to Devonia Thomas, the camp's director, about hostile and harassing treatment and comments, his complaints were ignored, trivialized, and dismissed. The culmination of this sexual harassment occurred when Mr. Jones was subject to a physical assault and touching by Mr. Lollar.  As a result, Mr. Jones reasonably believed that this harassing treatment would not cease and was constructively discharged from his employment in response to his unabated complaints about sexual harassment and a hostile work environment.

      The plaintiff timely served paper discovery.  The defendants have objected to a number of interrogatories and requests for production.  Throughout September 2005, the plaintiff and defendants counsel attempted several telephone conferences and were unable to connect by telephone.   On October 4, 2005, the plaintiff's counsel sent the defendants' counsel a letter addressing the outstanding discovery disputes.  Throughout October 2005, the plaintiff and defendants counsel attempted several telephone conferences and were unable to connect by telephone.  The defendants' counsel then went out of town unexpectedly on a family matter on October 19, 2005.  Although he is not due to return to his office until on or around October 28, 2005, the parties' counsel conducted a telephone conference on October 24, 2005, in an attempt to narrow or resolve the issues before the Court.

### III.    LEGAL ARGUMENT

**THE DEFENDANTS HAVE FAILED TO ADEQUATELY RESPOND TO THE PLAINTIFF'S FIRST SET OF INTERROGATORIES OR REQUESTS FOR PRODUCTION OF DOCUMENTS.**

**DOCUMENT REQUESTS**

14.    All documents concerning Leonard Lollar's employment with the defendant(s) including but not limited to documents regarding his performance, during his employment with the defendant(s).

**Response:** Please see attachments 1 and 14 which include a written warning to Mr. Lollar.  No other relevant documents were located concerning Mr. Lollar.

No objection was interposed regarding Mr. Lollar's employment related documents.  The Plaintiff seeks his entire personnel file and not those documents which the defendants have cherry picked as relevant.  Personnel files of managers and other employees are generally discoverable in employment discrimination cases.  Griffith v. Wal-Mart Stores, Inc., 163 F.R.D. 4,5 (E.D. Ky. 1995); Willis v. Golden Rule Ins. Co., 1991 WL 550038 at *3-4, 56 FEP Cas. (BNA) 1451, 1454 (E.D. Tenn. 1991).

The plaintiff is entitled to know if any disciplined was meted out against Mr. Lollar, the alleged harasser, or if he has a relevant history of harassing or *any other* inappropriate behavior at work.  Mr. Lollar has never worked at Camp Atwater or for the Urban League of Springfield since the summer when Mr. Jones worked there.  Mr. Jones is entitled to know the circumstances of his separation from employment.  The personnel files sought in this sexual harassment case are also particularly probative as because the plaintiff may establish his claim through the use of circumstantial evidence, including evidence of the defendants'

3

discriminatory actions and inaction toward other employees. See e.g. Cummings v. Standard Register Co., 265 F.3d 50, 63 (1st Cir. 2001). Finally, inappropriate or other behavior may be reflected on such documents such as, for example, performance appraisals or employment applications.

16. All documents reflecting any disciplinary action taken against any employee, including management employees, rendered as a result of any complaints of incidents of sexual or gender harassment of and employee of the defendants.

**Response:** The defendant objects to this request since it is too vague to allow a precise response. The plaintiff did not claim he was subjected to harassment because of sex or gender while he was employed by the defendant as asserted in the request. Mr. Lollar was disciplined for using inappropriate language to Mr. Jones. His actions were not harassment because of sex or gender.

This request seeks discipline against any employee, including management employees, for any incident of sex harassment. Such information is probative as it will tend to show the action or inaction of defendants in the face of a complaint of harassment. It also shows which supervisors and other employees, if any, engaged in harassing conduct and goes to the general environment in the workplace at the summer camp. Here, the defendants admit that Mr. Lollar, the alleged harasser, used inappropriate language toward Mr. Jones and other employees. Evidence relating to discipline for other incidents involving Mr. Lollar and other employees is probative.

17. All documents concerning Devonia Thomas' employment with the defendant(s) including but not limited to documents regarding his performance, during his employment with the defendant(s).

**Response:** The defendant objects to this request since it seeks information that is not reasonably calculated to lead to the discovery of

4

admissible evidence and in an unwarranted invasion of the privacy of a person who is not a party to this action.

Ms. Thomas is the camp director of Camp Atwater. Her response to any complaints by Mr. Jones are highly relevant to this action. Moreover, her actions in response to prior or subsequent complaints would go to the issue of whether the defendants ratify the type of behavior complained of or acted with willful disregard of Mr. Jones' rights. For example, her personnel file may reflect inactivity in the face of complaints by Mr. Jones. It may also show that she knew or should have known about harassment on the premises in the past and did nothing to prevent the harassment alleged by Mr. Jones. In addition, the plaintiff incorporates the arguments with respect to Document Request 14.

As to the defendants' objection based on "invasion of privacy" nothing precludes a defendant in litigation from providing personal information about other employees through discovery. Compare Dalessio v. Mass. Mutual Life Ins. Co., No. 00-0070 (Hampden County Mass. Super. Ct. August 16, 2000) at 8-9 (copy attached as attachment 1) and Johnson v. Harvard Univ., 111 F.R.D. 472, 476 (D. Mass. 1986) with Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995). This is particularly true in a harassment case where there is a particularized need for information regarding complaints by other employees of a gender or sexually hostile environment, prior knowledge by an employer of a hostile environment, or the adequacy of the defendants' responses to such complaints. Moreover, were the Court to find the information sought was "personal" or "confidential" the plaintiff would be willing to enter into a stipulated protective order for such information.

5

12.     All documents reflecting any investigation of any incidents of sexual or gender harassment of the plaintiff including but not limited to any alleged investigation of those incidents alleged by the plaintiff in his Complaint and those set forth in his complaint to the Massachusetts Commission Against Discrimination ("MCAD') and in the defendants MCAD position statement dated May 12, 2004.

13.     All documents reviewed or created by any employee or agent of the defendant(s) concerning any incidents of sexual or gender harassment of the plaintiff including but not limited to those alleged by the plaintiff in his Complaint and those set forth in his complaint to the Massachusetts Commission Against Discrimination ("MCAD') and in the defendants MCAD position statement dated May 12, 2004.

15.     All documents reflecting any disciplinary action taken against any employee, including management employees, rendered as a result of any incidents of sexual or gender harassment of the plaintiff in his Complaint and those set forth in his complaint to the Massachusetts Commission Against Discrimination ("MCAD') and in the defendants MCAD position statement dated May 12, 2004.

**Response:**  The defendant objects to this request since it is too vague to allow a precise response.  The plaintiff did not claim he was subjected to harassment because of his sex or gender while he was employed by the defendant as asserted in this request.  Mr. Lollar was disciplined for using inappropriate language to Mr. Jones.  His actions were not harassment because of sex or gender.

Without waiving its objection, the defendant responds as follows:  The plaintiff did not claim he was subjected to harassment because of his sex or gender while he was employed by the defendant as asserted in this request.  Mr. Lollar was disciplined for inappropriate language which appears to be referred to in plaintiff's MCAD complaint.  Please see the answer of the defendant to the Massachusetts Commission Against Discrimination in response to the plaintiff's complaint which is included in attachment 1 and attachment 14.

18.     All documents made, created or edited by anyone including any employee or agent of the defendant(s) concerning any incidents or complaints, internal or external, of sexual, gender or any other harassment -- based on a protected classification under M.G.L. c. 151B or Title VII of the Civil Rights Act, as amended -- of any employee of the defendant(s), made against the defendant(s), its agent(s), manager(s) or employee(s) for the last 10 years.

**Response:** The defendant objects to this request since it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence and seeks attorney/client privileged communications and attorney work product. The defendant has submitted interrogatory answers stating it is not aware of any complaint of sexual or gender harassment asserted by any employee other than the plaintiff during the last ten years and has produced all documents concerning the plaintiff's complaint other than those covered by the attorney/client privileged communications exception and the attorney work product exception.

19. Any and all statements from any witnesses to any incidents of sexual or gender harassment of the plaintiff or any other employee, agent, or customer of the defendant(s) in the last 10 years including but not limited to those incidents alleged by the plaintiff in his Complaint and those set forth in his complaint to the Massachusetts Commission Against Discrimination ("MCAD') and in the defendants MCAD position statement dated May 12, 2004.

**Response:** The defendant objects to this request to the extent it seeks statements within the attorney/client privilege and the attorney work product exception. In addition, the defendant objects because this request is too vague to answer in that the plaintiff was not subject to any incidents of sexual or gender harassment.

Without waiving its objection the defendant responds as follows: The defendant is not aware of any witness statements of any of the incidents listed in the plaintiff's complaint to the Massachusetts Commission Against Discrimination that are not covered by the above objection except the defendant's answer to the Commission which is included in attachment 1.

**INTERROGATORY**

8. Describe in complete detail the substance of every communication between any agent, officer or employee of the defendant(s) and anyone else other than the plaintiff at any time during which communication the plaintiff's current and former employment status with the defendant(s) was mentioned or discussed, and include for each such communication the names and addresses of the persons involved in the communication, the date of the communication, and whether the fact that the plaintiff had complained of sexual harassment was mentioned either directly or indirectly during the course of each such communication and whether any documents were reviewed or generated and, if so identify those documents. As to each communication include the following :

    a) The date of each such communication;

    b) The name, address, and relationship to the defendant(s), if any, of the person(s) who participated in each such communication;

   c) Whether each such communication was written or oral, and, if oral, whether the communication took place in person or over the telephone; and

   d) the name(s) of the person(s) who initiated the communication.

 **Response:** The defendant objects to this interrogatory since it is overly broad and too vague to allow a precise answer. The defendant also objects to this interrogatory to the extent that it seeks attorney/client communications. Without waiving the objection, the defendant answers as follows:

Mr. Jones worked for the Urban League for approximately one week and I recall there were numerous communications between employees of the Urban League concerning Mr. Jones, especially since there were repeated problems with his job performance. Although I can not recall the date, I may have spoken with Mr. Lollar and Mr. Collins after Mr. Jones was interviewed for employment.

While Mr. Jones worked at Camp Atwater, I recall I had several conversations with Mr. Lollar, Ms. Boyd and Mr. Thomas concerning Mr. Jones' job performance and friction between him and Mr. Lollar and Ms. Boyd. I also discussed the termination of Mr. Jones' employment with Mr. Thomas after Mr. Jones left employment. I do not recall that date.

I also remember I received a telephone call from a woman who identified herself as Mr. Jones' mother. I assumed it was his mother and spoke with her. I recall discussing the job performance issues Mr. Jones was having and that I was encouraging him to remain at work in order to develop his job skills.

Mr. Jones never said he was sexually harassed while he was at Camp Atwater. I understand he filed a complaint alleging sexual harassment months after he left employment.

 These requests seek probative documents and information relating to Mr. Jones' employment and constructive termination. These document requests and Interrogatory 8 also include all documents and information relating to Mr. Jones claims of sexual harassment and the defendants' response to such allegations, including documents relating to any claimed investigation of those harassment allegations. The defendants have represented that counsel conducted the only

8

investigation in this matter other than that which is represented in any information already provided by the defendant to the plaintiff in response to discovery.

The defendants' claims of attorney-client privilege and attorney work product to deprive the plaintiff of any notes, reports and other information relating to that alleged investigation are unavailing. Suffice it to say, that in a case that is on all fours with this matter, Harding v. Dana Transp., Inc., 914 F. Supp. 1084(D.N.J. 1996), the Court ordered discovery of the investigative materials including notes which contained the impressions of an attorney investigator. The Court found that the employer affirmatively placed the communications "at issue" and waived any privileges because of its "reliance upon the investigation" as a defense to liability under federal and state law. Id. at 1093, 1099.

The Harding Court determined that the defendant could not on the one hand claim as a defense the adequacy of its investigation and then shroud itself and information regarding the investigation in attorney-client privilege or claim attorney work product. The Court ordered that the plaintiff was entitled to discover the broad range of investigative materials sought prepared the attorney investigator. The Court concluded that a defendant cannot use a privilege "as both a sword and a shield." Id. at 1096. In other analogous cases to the one at bar, Courts have followed similar reasoning as did the Court in Harding. See McGrath v. Nassau County Health Care Corp., 204 F.R.D. 240, 244 (E.D.N.Y. 2001); Worthington v. Endee, 177 F.R.D. 113, 116 (N.D.N.Y. 1998); Sealy v. Gruntal & Co., 1998 WL 698257 at * 4-5 (S.D.N.Y. 1998); Pray v. New York City

Ballet Co., 1997 WL 266980, *1-3 (S.D.N.Y.1997); Peterson v. Wallace Computer Services, Inc., 984 F. Supp. 821 (D. Vt. 1997).

Courts also routinely recognize that the plaintiff may discover privileged documents and information if they have a substantial need for such documents. See Pray, 1997 WL 266980, *1-3. See also Madanes v. Madanes, 199 F.R.D. 135, 150 (S.D.N.Y. 2001); Brownell v. Roadway Package System, Inc., 185 F.R.D. 19, 26 (N.D.N.Y. 1999)(The court found that because the investigative documents were "crucial to the determination of whether or not [the employer] can be held liable," the plaintiff demonstrated the "substantial need" necessary to compel their production).

Each of these discovery requests seeks information relating to any investigation done into Mr. Jones' complaints. Mr. Jones alleges in paragraph 27 of his complaint that "None of Mr. Jones' complaints of harassment were investigated or addressed by Urban League or Camp Atwater management." That allegation is denied by the defendants in their Answer. The defendants cannot defend by claiming they conducted an investigation and then shroud that investigation in a claim of privilege. If defendants by themselves or through their agent, including any attorney, claim they conducted an investigation into Mr. Jones' complaints in an attempt to insulate themselves from liability, the plaintiff is entitled to information relating to the investigation. If no investigation was completed in response to his pre-filing complaints – including one in writing within several months after he left amp Atwater, the plaintiff is entitled to know that information as well.

## IV. CONCLUSION

For all the reasons set forth above, the Court should grant the Plaintiff's motion to compel.

Respectfully submitted,

PLAINTIFF
By his Attorney,

Dated: October 26, 2005

    /s/ Suzanne Garrow
Suzanne Garrow
BBO # 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988

## CERTIFICATE OF SERVICE

I, Suzanne Garrow, hereby certify that true copies of the foregoing Memorandum of Law were served upon the attorney of record for the defendants by electronic mail on October 26, 2005.

    /s/ Suzanne Garrow
Suzanne Garrow