UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN JONES,
          Plaintiff,

v.

THE URBAN LEAGUE OF
SPRINGFIELD, INC. and
CAMP ATWATER,
          Defendants.

DOCKET NO. 04-cv-30215-KPN

**SUPPLEMENTAL MOTION AND MEMORANDUM OF LAW TO SUBMIT
NEWLY ACQUIRED INFORMATION IN SUPPORT OF MOTION TO COMPEL**

**I.    INTRODUCTION**

The plaintiff respectfully Moves this Court and seeks to supplement his Motion to Compel and memorandum with the information received by him this week, after filing his Motion to Compel.

**II.    PLAINITFF HAS OBTAINED A PRIVILEGE LOG FROM DEFENDANTS AND THEREFORE CAN PROVIDE MORE SPECIFICITY REGARDING THE ADDITIONAL INFORMATION SOUGHT BY THE PLAINTIFF IN HIS DOCUMENT REQUESTS 12, 13, 15, 18, 19 AND INTERROGATORY 8[1]**

The plaintiff timely sought documents and information from the defendant though discovery requests. The parties conferred and the plaintiff filed his Motion to Compel. One of the issues in the Motion to Compel is investigation

---

[1] For the Court's reference, the plaintiff has reiterated the document requests and interrogatories here that were already set forth in his Motion to Compel.

1

notes, other documents and information for which the defendants' claim attorney client privilege and that some of the information is work product.[2]

Since filing his Motion, the plaintiff received from the defendant's counsel a privilege log originally requested by the plaintiff, through counsel, in a telephone conference and again in writing on October 4, 2005.  That privilege log demonstrates that within less than a month's time after the defendants' received plaintiff's written complaint of sexual harassment sent on September 20, 2003, counsel was contacted and presumably engaged in an investigation with regard to the plaintiff's complaint.  (See Letter from Robert Leonard, Esq. to Suzanne Garrow at attachment No 1; see also Affidavit of Suzanne Garrow at para. 2 at attachment No. 2.)  The privilege log also demonstrates that Attorney Leonard was involved in or conducted the defendants' investigation prior to them submitting a Position Statement to the Massachusetts Commission Against Discrimination ("MCAD").  (See Letter from Robert Leonard, Esq. to Suzanne Garrow at attachment No 1; see also Affidavit of Suzanne Garrow at para. 3 at attachment No. 2.)

12. All documents reflecting any investigation of any incidents of sexual or gender harassment of the plaintiff including but not limited to any alleged investigation of those incidents alleged by the plaintiff in his Complaint and those set forth in his complaint to the Massachusetts Commission Against Discrimination ("MCAD') and in the defendants MCAD position statement dated May 12, 2004.

13. All documents reviewed or created by any employee or agent of the defendant(s) concerning any incidents of sexual or gender harassment of the plaintiff including but not limited to those alleged by the plaintiff in his Complaint

---

[2] The defendants fail to specifically set forth which documents are attorney work product and which are claimed to be attorney client privileged.  (See Letter from Robert Leonard, Esq. to Suzanne Garrow at attachment No 1.)

2

and those set forth in his complaint to the Massachusetts Commission Against Discrimination ("MCAD') and in the defendants MCAD position statement dated May 12, 2004.

15.   All documents reflecting any disciplinary action taken against any employee, including management employees, rendered as a result of any incidents of sexual or gender harassment of the plaintiff in his Complaint and those set forth in his complaint to the Massachusetts Commission Against Discrimination ("MCAD') and in the defendants MCAD position statement dated May 12, 2004.

**Response:**  The defendant objects to this request since it is too vague to allow a precise response.  The plaintiff did not claim he was subjected to harassment because of his sex or gender while he was employed by the defendant as asserted in this request.  Mr. Lollar was disciplined for using inappropriate language to Mr. Jones.  His actions were not harassment because of sex or gender.

Without waiving its objection, the defendant responds as follows:  The plaintiff did not claim he was subjected to harassment because of his sex or gender while he was employed by the defendant as asserted in this request.  Mr. Lollar was disciplined for inappropriate language which appears to be referred to in plaintiff's MCAD complaint.  Please see the answer of the defendant to the Massachusetts Commission Against Discrimination in response to the plaintiff's complaint which is included in attachment 1 and attachment 14.

18.   All documents made, created or edited by anyone including any employee or agent of the defendant(s) concerning any incidents or complaints, internal or external, of sexual, gender or any other harassment -- based on a protected classification under M.G.L. c. 151B or Title VII of the Civil Rights Act, as amended -- of any employee of the defendant(s), made against the defendant(s), its agent(s), manager(s) or employee(s) for the last 10 years.

**Response:** The defendant objects to this request since it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence and seeks attorney/client privileged communications and attorney work product. The defendant has submitted interrogatory answers stating it is not aware of any complaint of sexual or gender harassment asserted by any employee other than the plaintiff during the last ten years and has produced all documents concerning the plaintiff's complaint other than those covered by the attorney/client privileged communications exception and the attorney work product exception.

19.   Any and all statements from any witnesses to any incidents of sexual or gender harassment of the plaintiff or any other employee, agent, or

customer of the defendant(s) in the last 10 years including but not limited to those incidents alleged by the plaintiff in his Complaint and those set forth in his complaint to the Massachusetts Commission Against Discrimination ("MCAD') and in the defendants MCAD position statement dated May 12, 2004.

**Response:** The defendant objects to this request to the extent it seeks statements within the attorney/client privilege and the attorney work product exception. In addition, the defendant objects because this request is too vague to answer in that the plaintiff was not subject to any incidents of sexual or gender harassment.

Without waiving its objection the defendant responds as follows: The defendant is not aware of any witness statements of any of the incidents listed in the plaintiff's complaint to the Massachusetts Commission Against Discrimination that are not covered by the above objection except the defendant's answer to the Commission which is included in attachment 1.

**INTERROGATORY**

8. Describe in complete detail the substance of every communication between any agent, officer or employee of the defendant(s) and anyone else other than the plaintiff at any time during which communication the plaintiff's current and former employment status with the defendant(s) was mentioned or discussed, and include for each such communication the names and addresses of the persons involved in the communication, the date of the communication, and whether the fact that the plaintiff had complained of sexual harassment was mentioned either directly or indirectly during the course of each such communication and whether any documents were reviewed or generated and, if so identify those documents. As to each communication include the following :

    a)    The date of each such communication;

    b)    The name, address, and relationship to the defendant(s), if any, of the person(s) who participated in each such communication;

    c)    Whether each such communication was written or oral, and, if oral, whether the communication took place in person or over the telephone; and

    d)    the name(s) of the person(s) who initiated the communication.

**Response:** The defendant objects to this interrogatory since it is overly broad and too vague to allow a precise answer. The defendant also objects to

this interrogatory to the extent that it seeks attorney/client communications. Without waiving the objection, the defendant answers as follows:

Mr. Jones worked for the Urban League for approximately one week and I recall there were numerous communications between employees of the Urban League concerning Mr. Jones, especially since there were repeated problems with his job performance. Although I can not recall the date, I may have spoken with Mr. Lollar and Mr. Collins after Mr. Jones was interviewed for employment.

While Mr. Jones worked at Camp Atwater, I recall I had several conversations with Mr. Lollar, Ms. Boyd and Mr. Thomas concerning Mr. Jones' job performance and friction between him and Mr. Lollar and Ms. Boyd. I also discussed the termination of Mr. Jones' employment with Mr. Thomas after Mr. Jones left employment. I do not recall that date.

I also remember I received a telephone call from a woman who identified herself as Mr. Jones' mother. I assumed it was his mother and spoke with her. I recall discussing the job performance issues Mr. Jones was having and that I was encouraging him to remain at work in order to develop his job skills.

Mr. Jones never said he was sexually harassed while he was at Camp Atwater. I understand he filed a complaint alleging sexual harassment months after he left employment.

### III. ARGUMENT

None of the notes and letters authored in October 2003, immediately after a written complaint was sent to the Urban League, can be protected as work product. No litigation had begun by Mr. Jones at that time. (Garrow Aff. at para. 4). Defendants can only rely on attorney client privilege in their attempt to withhold these letters and notes of the investigation into Mr. Jones complaints. Similarly, pre-litigation attorney letters and notes, those listed as after April 2004, and in May of 2004, authored prior to the defendants' submission of their position statement to the MCAD are pre-litigation investigative notes. They are presumably a part of the preparation of a response to the plaintiff's MCAD

5

charge. Such information is discoverable. <u>Harding v. Dana Transp., Inc.</u>, 914 F. Supp. 1084, 1096-99 (D.N.J. 1996)

The plaintiff incorporates and relies on his arguments on pages 8-10 in his previously submitted memorandum of law in support of his Motion to Compel. (Docket No. 15.)

## IV.   CONCLUSION

For all the reasons set forth above, the Court should consider this information and grant the Plaintiff's motion to compel.

Respectfully submitted,

PLAINTIFF
By his Attorney,

Dated: November 3, 2005          /s/ Suzanne Garrow
Suzanne Garrow
BBO # 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988

CERTIFICATE OF SERVICE

I, Suzanne Garrow, hereby certify that true copies of the foregoing Memorandum of Law were served upon the attorney of record for the defendants by electronic mail on November 3, 2005.

/s/ Suzanne Garrow
Suzanne Garrow

6