UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04cv30215-KPN

| | |
|---|---|
| BRIAN JONES,<br>  Plaintiff,<br><br>vs.<br><br>THE URGAN LEAGUE OF<br>SPRINGFIELD, INC. AND CAMP<br>ATWATER,<br>  Defendant. | DEFENDANT'S OPPOSITION TO<br>PLAINTIFF'S MOTION TO QUASH<br>DEPOSITION NOTICE |

The defendant moves the court to deny the plaintiff's motion to quash the deposition subpoena it issued to obtain the high school records of the plaintiff Brian Jones for the reasons stated hereafter.

## RELEVANT FACTS

Mr. Jones was deposed on November 2, 2005 so there is not yet a transcript of his deposition. An affidavit of counsel relating Mr. Jones' testimony is attached as Exhibit A.

Mr. Jones testified he graduated from Putnam Vocational Technical High School in Springfield, Massachusetts during June, 2003 and that he began a temporary summer job as a kitchen worker at a seasonal youth camp, known as Camp Atwater, operated by the Urban League of Springfield, Inc. a few weeks later. (Exhibit A, paragraphs 2a and b). That was his first job after high school. Mr. Jones worked at the camp for approximately one week.

288369.1

Mr. Jones testified that he was sexually harassed because the cook at the summer camp, who was his supervisor, openly spoke of his desire to have sexual contact with female staff members who also worked at the camp. He also testified he was sexually harassed because the chef called him a "little bitch" and, on another occasion, the same chef put his hand on his own genitals when Mr. Jones asked him to pass a napkin and said words suggesting that Mr. Jones "try these napkins." (Exhibit A, paragraph 2e).

Mr. Jones testified that two or more of the temporary summer workers who allegedly witnessed those events were his classmates in high school or were in high school with him but in another class. (Exhibit A, paragraph c). Mr. Jones also testified that he had been suspended from high school on more than one occasion but could not recall how many times he had been suspended. Mr. Jones also testified that he could not remember the reasons why he had been suspended from high school on any of those occasions. (Exhibit A, paragraph 2d).

The defendant issued a timely deposition subpoena to Mr. Jones' high school to produce his records, to include all disciplinary records as listed in the plaintiff's motion. The defendant also agreed those records would be produced to the plaintiff's counsel and only be released to the defendant if the court denied the motion for the protective order.

ARGUMENT

The plaintiff opened himself to discovery by bringing this action and the burden is on him to show there are grounds to deny the defendant its rights to discovery. The plaintiff's argument is apparently there is no conceivable likelihood that the plaintiff's high school records could contain discoverable evidence or lead to discoverable evidence. The facts show otherwise.

288369.1

First, the plaintiff represented he was a recent high school graduate when applying for the summer position with the defendant. The defendant has the right to determine whether the plaintiff was truthful in that regard by viewing his records.

The plaintiff testified that two or more witnesses to the alleged harassment were his classmates in high school or attended that high school at the same time he did but he denied a friendship with them except for one person. The defendant has the right to determine whether there is anything in the plaintiff's high school records to indicate a closer relationship with the alleged witnesses that could influence their testimony. That is especially true because the plaintiff was suspended multiple times from high school and those disciplinary records may reflect connections with the alleged witnesses.

The plaintiff was suspended so often from high school he could not remember how many times it happened and he could also not remember any of the reasons why he was suspended. His disciplinary records may show connections with the other alleged witnesses who were in high school with him.

Additionally, the plaintiff must prove that the alleged sexualized language used by the chef was not only objectively offensive but also actually offended the plaintiff. Given the plaintiff's multiple suspensions from high school, the defendant should have the opportunity to determine whether the reasons the plaintiff was suspended multiple times would provide information to show whether the plaintiff would be personally offended by the chef's alleged references to his sexual desires toward female employees at the camp and by calling the plaintiff a "little bitch." The plaintiff testified he could not remember any of the reasons why he was suspended from high school so there is no other way to determine whether any of

his multiple suspensions involved his use of language or behavior from which a trier of fact could reasonably infer he was not personally offended by the chef's alleged words.

THE DEFENDANT,
By its attorney,

*/s/ Robert L. Leonard*

Robert L. Leonard, Esq.
BBO No. 294060
Doherty, Wallace, Pillsbury
  & Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144-1900
Tel: (413) 733-3111
Fax: (413) 734-3910

### CERTIFICATE OF SERVICE

I, Robert L. Leonard, Esq., hereby certify that on November 3, 2005, I served a copy of the foregoing document on the parties to the case by hand delivering and mailing a copy of same postage prepaid to:

Suzanne Garrow, Esq.
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

*/s/ Robert L. Leonard*

Robert L. Leonard, Esq.

288369.1