UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04cv30215-KPN

BRIAN JONES, )
   Plaintiff, )
)
vs. ) DEFENDANT'S OPPOSITION TO
) PLAINTIFF'S MOTION TO COMPEL
THE URGAN LEAGUE OF )
SPRINGFIELD, INC. AND CAMP )
ATWATER, )
   Defendant. )
)

The defendant objects to the plaintiff's motion to compel for the reasons stated below.

**DOCUMENT REQUEST 14**

The defendant believes it has produced all documents to which it has access that are responsive to this request. Mr. Lollar was a seasonal summer employee who worked as a chef for a few years and last worked for the defendant during 2003. The director of the program for which Mr. Lollar worked signed the document request and counsel has no reason to believe there are any other responsive documents beyond what was produced.

**DOCUMENT REQUEST 16**

The defendant has no knowledge of any documents reflecting any disciplinary action taken against any employee as a result of "any complaints of incidents of sexual or gender harassment of an employee of the defendants". The defendant answered this request with an

288935.1

objection because the plaintiff did not claim he was subjected to harassment because of his sex or gender while he was employed by the defendant. Another employee was disciplined for using inappropriate language to the plaintiff and the plaintiff claimed that was sexual harassment months after his employment ended. The defendant desired to specify in the response that Mr. Lollar was disciplined for using inappropriate language to Mr. Jones, but that the defendant did not believe the inappropriate language was sexual or gender harassment.

The defendant is not aware of any documents concerning any disciplinary action taken against any employee as a result of any complaints of incidents of sexual or gender harassment of an employee.

**DOCUMENT REQUEST 17**

Devonia Thomas was, as asserted in the plaintiff's motion to compel, the director of the Camp where Mr. Jones worked as a summer employee for the defendant. She was personally familiar with Mr. Jones' job performance and was the highest authority at the Camp. The demand for all of her employment records, however, is, as the objection states, not reasonably calculated to lead to the discovery of admissible evidence and is an unwarranted invasion of her privacy, particularly since she is not a party to this action. The plaintiff offers no reason why he believes there is relevant information in Mrs. Thomas' own personnel file that would be relevant to his sexual harassment claim. He does not allege Mrs. Thomas harassed him or that there are any other relevant documents that might reasonably be in Mrs. Thomas' personnel record that have not already been produced. Please note that, in response to document request 14, the defendant has already produced all documents it could find relating to the employment of Mr. Lollar, the person who allegedly harassed the plaintiff.

288935.1

## DOCUMENT RESPONSES 12 AND 13

The defendant's motion lists document requests 12 and 13, but does not list the response to either of them, or offer any argument why they are deficient. The defendant, therefore, is not in a position to respond, and contends these requests must be denied.

## DOCUMENT RESPONSES 15, 18 AND 19

Although the plaintiff lists document requests 15, 18 and 19, and also the response to each of them in his memorandum, the plaintiff offers no argument as to why they are deficient. The defendant contends, therefore, that the request to compel further responses must be denied.

## INTERROGATORY NO. 8

The defendant contends this interrogatory is unreasonably broad. The plaintiff both lived and worked at the defendant's summer camp for approximately one (1) week during June, 2003. The plaintiff was a member of the Camp's "kitchen patrol" and there were likely dozens of oral communications between other employees relating to the plaintiff's employment. For instance, Mrs. Thomas, the director of the Camp, states in the interrogatory answer that there were "numerous communications" between employees concerning Mr. Jones, especially since there were repeated problems with his job performance. Please note that this interrogatory does not limit itself to communications that might be relevant to any issue in this case.

The attorney-client privilege is also clearly applicable to this interrogatory. As noted in the plaintiff's motion, the only investigation of the plaintiff's complaint was conducted by counsel, but the motion fails to state that counsel's investigation only took place after the defendant was required to respond to the complaint filed by the plaintiff with the Massachusetts

288935.1

Commission against Discrimination and that the MCAD complaint was filed several months after his employment had ended. There was no investigation of a sexual harassment claim while the plaintiff was employed by the defendant because the plaintiff did not inform the defendant he was allegedly sexually harassed until the defendant was served with his MCAD claim. The cases cited by the plaintiff are not applicable because counsel's investigation was only in response to the subsequent legal action brought by the plaintiff.

For all the above reasons, the defendant contends the plaintiff's motion must be denied in its entirety.

> THE DEFENDANT,
> By its attorney,
>
> /s/ Robert L. Leonard
>
> Robert L. Leonard, Esq.
> BBO No. 294060
> Doherty, Wallace, Pillsbury
>   & Murphy, P.C.
> One Monarch Place, Suite 1900
> Springfield, MA 01144-1900
> Tel: (413) 733-3111
> Fax: (413) 734-3910

### CERTIFICATE OF SERVICE

I, Robert L. Leonard, Esq., hereby certify that on November 8, 2005, I served a copy of the foregoing document on the parties to the case by hand delivering and mailing a copy of same postage prepaid to:

Suzanne Garrow, Esq.
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

/s/ Robert L. Leonard
Robert L. Leonard, Esq.

288935.1