UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN JONES, | : |
| Plaintiff, | : DOCKET NO. 3:04-cv-30215-MAP |
| v. | : |
| THE URBAN LEAGUE OF SPRINGFIELD, et al., | : |
| Defendant. | : |

**JOINT PRETRIAL MEMORANDUM**

1. **CONCISE SUMMARY OF THE EVIDENCE**

    a. **Plaintiff's Concise Summary of the Evidence**

Plaintiff Brian Jones intends to offer evidence at trial which will demonstrate that when he was 17 years old and working as kitchen staff at Camp Atwater he was sexually harassed by his adult male supervisor. He was subjected to a sexually and gender hostile work environment by his supervisor that effected the terms and conditions of his employment. He will offer evidence that he and his family members complained to the camp director, Devonia Thomas and that she did nothing to investigate or curtail the harassment. He will also offer evidence that the harassment escalated to a point where he felt he had no choice but to leave his employment with the defendants.

By way of damages, Brian Jones will present evidence to show that he is entitled to an award of lost wages. He will further present evidence that he suffered emotional distress, mental anguish and physical pain and suffering as a direct result of the

316614.1

defendants' sexual and gender harassment and their failure to address the gender and sexual harassment he suffered. The evidence will also show that the discriminatory actions of the defendants' managers and supervisors resulted from malice or reckless indifference to Brian Jones' civil rights, and that he is entitled to an award of punitive damages under both federal and state laws against discrimination.

      **b.**      **Defendant's Concise Summary of the Evidence**

The defendant Urban League of Springfield, Inc. expects the evidence will show that the plaintiff was not sexually harassed or otherwise illegally discriminated against while employed by the defendant. To the extent there is any evidence that any other employee used inappropriate words or gestures, they did not constitute sexual harassment or illegal discrimination. In addition, the evidence will show any such communications were not "unwelcomed" by the plaintiff and he was not subjectively offended by any such conduct. The defendant also expects the evidence to show the plaintiff voluntarily quit a seasonal job which would have terminated within a short period of time thereafter. Finally, the defendant anticipates the plaintiff will be unable to show any legal damages.

**2.**      **FACTS ESTABLISHED BY THE PLEADINGS OR BY STIPULATION**

      1.      Brian Jones is a male.

      2.      The Urban League is a non profit domestic corporation with a principal place of business at 756 State Street, Springfield, Massachusetts.

      3.      The Urban League employs 6 or more employees.

**3.**      **CONTESTED ISSUES OF FACT**

      a.      Whether the acts and omissions of the defendant constituted sexual harassment or gender discrimination.

      b.      Whether the defendants are strictly liable for the acts of the defendants' agent.

      c.      Whether the plaintiff was constructively discharged.

      d.      Whether Brian Jones suffered compensable damage.

      e.      Whether Brian Jones is entitled to punitive damages.

**4.    JURISDICTIONAL QUESTIONS**

None.

**5.    PENDING MOTIONS**

None.

**6.    ISSUES OF LAW**

    **a.    Plaintiff's Issues of Law**

The Plaintiff has not identified any contested issues of law at this time.

    **b.    Defendant's Issues of Law**

The Defendant has not identified any contested issues of law at this time.

**7.    REQUESTED AMENDMENTS TO PLEADINGS**

None.

**8.    ADDITIONAL MATTERS**

Potential motions in limine are to be filed one week before the commencement of trial.

**9.    PROBABLE LENGTH OF TRIAL**

Five half days.

**10.    WITNESSES**

    **a.    Plaintiff's Witnesses**

The defendant anticipates it may call one or more of the persons listed as witnesses by the defendant in addition it may call:

>Brian Jones
>c/o Heisler, Feldman & McCormick, P.C.
>1145 Main Street, Suite 508
>Springfield, MA 01103
>(413) 788-7988
>
>His background, his employment by the defendants and discriminatory and retaliatory treatment and the hostile environment created and fostered by the defendant and damages.
>
>Sharon White
>51 Windsor Street
>Springfield, MA
>
>Plaintiff's background, his employment by the defendants and discriminatory and retaliatory treatment and the hostile environment created and fostered by the defendant and damages.
>
>Nancy Jones
>76 Buckingham Street
>Springfield, MA
>
>Plaintiff's background, his employment by the defendants and discriminatory and retaliatory treatment and the hostile environment created and fostered by the defendant and damages.

Current and former employees of the Defendant whose addresses are not known to the Plaintiff, including the following individuals:

>Terence King
>
>Plaintiff's background, his employment by the defendants and discriminatory and retaliatory treatment and the hostile environment created and fostered by the defendant and damages.
>
>George Gunter
>
>Plaintiff's background, his employment by the defendants and discriminatory and retaliatory treatment and the hostile environment created and fostered by the defendant and damages.
>
>Ryan Williams

        Plaintiff's background, his employment by the defendants and discriminatory and retaliatory treatment and the hostile environment created and fostered by the defendant and damages.

        Leonard Lollar

        Plaintiff's background, his employment by the defendants and discriminatory and retaliatory treatment and the hostile environment created and fostered by the defendant and damages.

        Devonia Thomas

        Plaintiff's background, his employment by the defendants and discriminatory and retaliatory treatment and the hostile environment created and fostered by the defendant and damages.

        Brenda Boyd

        Plaintiff's background, his employment by the defendants and discriminatory and retaliatory treatment and the hostile environment created and fostered by the defendant and damages.

The plaintiff reserves the right to amend this list as allowed by the Court.

    **b.**    **Defendant's Witnesses**

        The defendant anticipates it may call one or more of the persons listed as witnesses by the plaintiff, including Devonia Thomas, Brenda Boyd, Lenoard Lollar, Ryan Williams and George Gunter. In addition, the defendant anticipates it may call one or more of the following persons:

        Father of the Plaintiff
        Address Unknown

        It is anticipated the plaintiff's father may testify concerning statements by the plaintiff and his father relating to the plaintiff's employment with the defendant to include the consequences of the plaintiff failing to remain employed with the defendant.

        Henry Thomas
        c/o Urban League
        765 State Street
        Springfield, MA

Mr. Thomas is the president of the Urban League and may testify concerning its structure, operation, policies, financial status and condition, employment of the plaintiff, including communications with other employees and third parties regarding the plaintiff.

Capus Gee
17 Santa Barbara Street
Springfield, MA

Mr. Gee was an employee of the defendant while the plaintiff was employed by the defendant. It is anticipated he will testify concerning the hiring and employment of Mr. Jones and statements made by the plaintiff and his family members regarding his
employment.

Kamari Collins
30 Acton Street
Springfield, MA

Mr. Collins was an employee of the defendant while the plaintiff was employed by the defendant. It is anticipated he will testify concerning the hiring and employment of the plaintiff and statements made by the plaintiff.

Michael Coleman
123 Dunmoreland Street
Springfield, MA

Mr. Coleman was an employee of the defendant while the plaintiff was employed by the defendant. It is anticipated he will testify concerning the hiring and employment of the plaintiff and statements made by the plaintiff.

Austin Lazarus
Last reported address: 30 Rochelle Street
Springfield, MA

Mr. Lazarus was employed by the Urban League while the plaintiff was employed by the Urban League. It is anticipated Mr. Lazarus may testify concerning the plaintiff's employment and statements made by the plaintiff relating to his employment.

Keeper of Records
Springfield, Massachusetts School Department

> It is anticipated documents may be offered concerning the plaintiff's high school records, including graduation from high school.

The defendant reserves the right to amend or supplement this list based on evidence offered by the plaintiff and as allowed by the Court.

**11.   PROPOSED EXHIBITS**

    **a.   Plaintiff's Proposed Exhibits**

    1.   Employment Application of Brian Jones

    2.   Handbook of Policies and Procedures for Camp Atwater

    3.   Springfield Urban League Policy Handbook

    4.   Warnings to Leonard Lollar from Devonia Thomas

    5.   MCAD position statement relating to charge of Brian Jones

    6.   Sexual harassment policy provided by defendants in discovery

    7.   Camp Atwater KP job description

    8.   Defendants' Answers to Interrogatories

    9.   Financial statements of the Urban League provided in discovery

The plaintiff reserves the right to amend or supplement this list based on evidence admitted at trial as allowed by the Court. Additional exhibits may become necessary for impeachment purposes

    **b.   Defendant's Proposed Exhibits**

The defendant may offer some or all of the following based on the evidence admitted at trial:

    1.   Defendants' sexual harassment policy.

    2.   Warning from Devonia Thomas to Leonard Lollar dated July 1, 2003.

    3.   Urban League personnel policies.

    4.   Camp Atwater handbook of polices and procedures.

5. Defendants' code of ethics.

6. Camp Atwater job description for kitchen patrol/dishwasher.

7. Charge of Discrimination of Brian Jones dated March 24, 2004.

8. Plaintiff's educational records obtained from Springfield School Department.

9. Plaintiff's employment application.

The defendant reserves the right to amend or supplement this list based on evidence admitted at trial as allowed by the Court. Additional exhibits may become necessary for impeachment purposes.

Respectfully submitted,

| DEFENDANTS | PLAINTIFF |
| --- | --- |
| By their attorney, | By his attorney, |
| /s/ Robert Leonard | /s/ Suzanne Garrow |
| Robert Leonard BBO#294060 | Suzanne Garrow BBO# 636548 |
| Doherty, Wallace, Pillsbury & Murphy | sgarrow@comcast.net |
| One Monarch Place, Suite 1900 | Heisler, Feldman, McCormick & Garrow |
| 1414 Main Street | 1145 Main Street, Suite 508 |
| Springfield, MA  01144-1900 | Springfield, MA  01103 |
| Ph.  (413) 733-3111 | Ph. (413) 788-7988 |
| Fax:  (413) 734-3910 | Fax (413) 788-7996 |